Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
BALKAR SINGH, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION** **UNDER 29 U.S.C. § 216(b)** |
| CHECKERS DRIVE-IN RESTAURANTS INC. (d/b/a CHECKERS DRIVE-IN RESTAURANT), JOHN DOE INC. (d/b/a CHECKERS DRIVE-IN RESTAURT INC.), ENRIQUE SILVA, RAJESH KUMAR, and KAPAL KUMAR, | **ECF Case** |
| *Defendants.* | |

----------------------------------------------------------------X

     Plaintiff Balkar Singh  ("Plaintiff Singh" or  "Mr. Singh"), individually and on behalf of

others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon

information and belief, and as against each of Defendants John Doe Inc. (d/b/a Checkers Drive-

In Restaurant) ("Franchisee Defendant Corporation"), Checkers Drive-In Restaurant Inc., (d/b/a

Checkers Drive-In Restaurant) ("Franchisor Defendant Corporation"), Enrique Silva

("Franchisor Individual Defendant"), Rajesh Kumar, and Kapal Kumar ("Franchisee Individual

Defendants") (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

     1.     Franchisee Defendant owns, operates or controls a fast food restaurant located at

225 1st Avenue, New York, New York 10003, operating under the trade name "Checkers Drive-

In Restaurant".

2.     Franchisee Defendant is franchised to operate Checkers Drive-In restaurants under contract with the Franchisor Defendant.

3.     Checkers Drive-In Restaurant is a fast food restaurant owned by Enrique Silva, Rajesh Kumar, and Kapal Kumar, located at 225 1st Avenue, New York, New York 10003.

4.     Upon information and belief, Defendants Enrique Silva, Rajesh Kumar, and Kapal Kumar serve or served as owners, managers, principal or agents of Defendant Corporations and through these corporate entities operate the fast food restaurant.

5.     Plaintiff Singh is a former employee of Defendants.

6.     Plaintiff Singh was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to working in the grill, stocking supplies, cleaning the front of the dining area, basement, and the storage room, picking up garbage, and helping the other workers in the kitchen, (hereinafter, "non-delivery, non-tip duties").

7.     At all times relevant to this Complaint, Plaintiff Singh worked for Franchisee Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

8.     Rather, Franchisee Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Singh the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.     Further, Franchisee Defendants failed to pay Plaintiff Singh the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Franchisee Defendants employed and accounted for Plaintiff Singh as a delivery worker, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

11.     Upon information and belief, Franchisee Defendants employed the policy and practice of disguising Plaintiff Singh's actual duties in payroll records to avoid paying Plaintiff Singh at the minimum wage rate, and to enable them to pay Plaintiff Singh at the lower tipped credit rate, by designating him as a delivery worker instead of a non-tipped employee.

12.     Upon information and belief, Franchisor Defendant knew or should have known of work performed by Plaintiff and similarly situated employees, and/or knew or should have known of the unlawful policies of requiring Plaintiff and other employees to work without providing the minimum wage, overtime, and spread of hours compensation required by federal and state law and regulations; and upon information and belief, Franchisor Defendant had the power to stop the work and/or the violations, but did not do so.

13.     Defendants' conduct extended beyond Plaintiff Singh to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Singh and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Singh now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL")

3

§§190 and 650 et seq., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §

146 and the "spread of hours" and overtime wage orders of the New York Commissioner of

Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a) (2009) (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys'

fees and costs.

16.     Plaintiff Singh seeks certification of this action as a collective action on behalf of

himself, individually, and all other similarly situated employees and former employees of

Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental

jurisdiction over Plaintiff Singh's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their businesses in this district, and Plaintiff Singh was employed by

Defendants in this district.

**PARTIES**

*Plaintiff*

Plaintiff Balkar Singh ("Plaintiff Singh") is an adult individual residing in Queens

County, New York.

19.     Plaintiff Singh was employed by Defendants from approximately April 17, 2015

until on or about January 31, 2016.

4

20.     Plaintiff Singh consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Franchisor Defendant*

21.     Upon information and belief, Checkers Drive-In Restaurant Inc. is a corporation organized and existing under the laws of the State of Florida. Upon information and belief, it maintains its national headquarters at 4300 West Cypress St, Ste 600, Tampa, Florida 33607.

22.     Defendant Enrique Silva is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Enrique Silva is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

23.     Defendant Enrique Silva possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

24.     Defendant Enrique Silva determined the wages and compensation of the employees of Defendants, including Plaintiff Singh, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Upon information and belief, Franchisor Defendant grants franchises to operate Checkers Drive-In restaurants in New York and grant sublicenses to franchisees to use the Checkers Drive-In Restaurant trademarks.

26.     Facts which demonstrate that Franchisor Defendant was Plaintiff Singh's employer include:

a.  Defendant suffered or permitted Plaintiff and similarly situated employees to work.

b.  Defendant acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.  Defendant has an economic interest in the Checkers Drive-In location in which Plaintiff and similarly situated employees work.

d.  Defendant simultaneously benefitted from Plaintiff Singh's  work.

e.  Defendant had either functional and/or formal control over terms and conditions of work of Plaintiff and similarly situated employees.

27.    Plaintiff and similarly situated employees performed work integral to each Defendant's operation.

*Franchisee Defendants*

28.    Upon information and belief, John Doe Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its franchised location at 225 1st Avenue, New York, New York 10003.

29.    Defendant Rajesh Kumar is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rajesh Kumar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

30.    Defendant Rajesh Kumar possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

31.     Defendant Rajesh Kumar determined the wages and compensation of the employees of Defendants, including Plaintiff Singh, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32.     Defendant Kapal Kumar is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Kapal Kumar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

33.     Defendant Kapal Kumar possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

34.     Defendant Kapal Kumar determined the wages and compensation of the employees of Defendants, including Plaintiff Singh, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

35.     Defendants own, operate, or control a chain of fast food restaurants one of which is located in the Stuyvesant Town area of Manhattan.

36.     Individual Defendants Enrique Silva, Rajesh Kumar, and Kapal Kumar possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

37.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

38.     Each Defendant possessed substantial control over Plaintiff Singh's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Singh, and all similarly situated individuals, referred to herein.

39.     Defendants jointly employed Plaintiff Singh, and all similarly situated individuals, and are Plaintiff Singh's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

40.     In the alternative, Defendants constitute a single employer of Plaintiff Singh and/or similarly situated individuals.

41.     Upon information and belief, individual defendants Enrique Silva, Rajesh Kumar, and Kapal Kumar operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as  legal entities separate and apart from themselves by, among other things:

   a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

   b.   defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c.   transferring assets and debts freely as between all Defendants;

   d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders;

e.   operating Defendant Corporations for their own benefit and maintaining
control over these corporations as closed Corporations or closely controlled
entities;

f.   intermingling assets and debts of their own with Defendant Corporations;

g.   diminishing and/or transferring assets of Defendant Corporations to protect
their own interests; and

h.   other actions evincing a failure to adhere to the corporate form.

42.    At all relevant times, Franchisee Defendant was Plaintiff Singh's employer
within the meaning of the FLSA and New York Labor Law.  Franchisee Defendant had the
power to hire and fire Plaintiff, controlled the terms and conditions of employment, and
determined the rate and method of any compensation in exchange for Plaintiff Singh's services.

43.    Upon information and belief, Franchisor Defendant runs a business dependent on
its franchise and corporate-owned store selling and delivering food based on a prescribed mode.
As such, upon information and belief, Plaintiff Singh's work is integral to Franchisor
Defendant's operations.

44.    Upon information and belief, Franchisor Defendant coordinated certain customer
service options for all restaurants, corporate and franchise owned. For example, Franchisor
Defendant has a central research and development team to create new products for Checkers
Drive-In restaurants. See http://checkersfranchising.com

45.    Upon information and belief, Franchisor Defendant has maintained control over
many aspects of Franchisee Defendant's operations. For example, upon information and belief,
Checkers Drive-In restaurants must conform to standard layout requirements. In addition, upon

information and belief, Checkers Drive-In guides Franchisees on how to hire and train employees, as well as materials giving directions to employees as to how to perform their jobs.

46.     Upon information and belief, through its franchise agreement and in other ways, Franchisor Defendant set requirements for the operation of Franchise Defendants and enforced those requirements, in particular, requirements related to the work of Plaintiff and similarly situated employees. The requirements include, but are not limited to monitoring employee performance, specifying equipment, uniforms, and supplies for the use of Plaintiff and other similarly situated employees, and specifying the methods and procedures Plaintiff and other similarly situated employees use in preparing customer orders.

47.     Upon information and belief, through these requirements, Franchisor Defendant had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiff Singh and similarly situated employees.

48.     Upon information and belief, the Franchisor Defendant had the authority to require that Franchisee Defendant employ recordkeeping of the operations of Franchisee Defendant, including systems for tracking hours and wages and for retaining payroll records.

49.     Upon information and belief, these recordkeeping systems required by Franchisor Defendant were an instrument through which unlawful policies, patterns, and/or practices in this case were implemented.

50.     Upon information and belief, Franchisor Defendant had the right to inspect the facilities and operations of Franchisee Defendant.

51.     Upon information and belief, Franchisor Defendant had the right to audit all Franchisee records.

52.    Upon information and belief, Franchisor Defendant had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendant.

53.    Upon information and belief, Franchisor Defendant knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiff Singh and similarly situated employees through the monitoring of Franchisees.

54.    Franchisor Defendant could have terminated the franchise agreements of Franchisee Defendant and caused Franchisee Defendant to cease operation of the franchise restaurants under certain circumstances, including in the event of violations of the law. Thus, upon information and belief, Franchisor Defendant have had the authority to stop violations of the labor law and, ultimately, to control the employment of Plaintiff and similarly situated employees, including, but not limited to, causing the termination of their employment. Moreover, Franchisor Defendant had the power to induce compliance with applicable wage and hour laws by threatening to terminate a franchise agreement.

55.    In each year from 2015 to the present date, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

56.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the health food restaurant on a daily basis, such as fruits and meats, were produced outside of the State of New York.

*Individual Plaintiff*

11

57.    Plaintiff Singh is a former employee of Defendants, who ostensibly was employed as a delivery worker, but had to perform a variety of non-tip tasks at Checkers Drive-In Restaurant, including those outline above.

58.    Plaintiff Singh seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Balkar Singh*

59.    Plaintiff Singh was employed by Defendants from approximately April 17, 2015 until on or about January 31, 2016.

60.    Plaintiff Singh ostensibly was employed by Defendants as a delivery worker.

61.    However, Plaintiff Singh was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

62.    Although Plaintiff Singh was ostensibly employed as a delivery worker, he spent over six hours of each day performing the non-delivery duties outline above throughout his employment with Defendants.

63.    Plaintiff Singh regularly handled goods in interstate commerce, such as dish soap produced outside of the State of New York.

64.     Plaintiff Singh's work duties required neither discretion nor independent judgment.

65.    From approximately April 2015 until on or about January 31, 2016, Plaintiff Singh worked from approximately 10:00 a.m. until on or about 7:00 p.m. Tuesdays through Saturdays and from approximately 10:30 a.m. until on or about 3:00 a.m. on Sundays (typically 61.5 hours per week).

66.     Throughout his employment with Defendants, Plaintiff Singh was paid a portion of his wages by check and the rest in cash.

67.     From approximately April 17, 2015 until on or about January 31, 2016 Plaintiff Singh was paid $7.00 per hour ($200 by check and the rest in cash).

68.     Defendants never granted Plaintiff Singh meal breaks or rest periods of any kind throughout the entire time he worked there.

69.     Plaintiff Singh was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

70.     Defendants did not provide Plaintiff Singh with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

71.     Plaintiff Singh was never notified by Defendants that his tips would be included as an offset for wages.

72.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Singh's wages.

73.     Defendants never provided Plaintiff Singh with a statement of wages, as required by NYLL 195(3).

74.     Defendants never provided Plaintiff Singh with a written notice, in English or in his native tongue of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.     No notification, either in the form of posted notices or other means, was ever

13

given to Plaintiff Singh regarding overtime and wages under the FLSA and NYLL.

76.    Defendants required Plaintiff Singh to purchase "tools of the trade" with his own

funds—including $300 in bike maintenance. *Defendants' General Employment Practices*

77.    Defendants regularly required Plaintiff Singh to work in excess of forty (40) hours

per week without paying him the proper minimum wage, overtime and spread of hours

compensation.

78.    At all times relevant to this Complaint, Defendants maintained a policy and

practice of requiring Plaintiff Singh (and all similarly situated employees) to work in excess of

forty (40) hours per week without paying them appropriate minimum wage and/or overtime

compensation, as required by federal and state laws.

79.    Defendants failed to inform Plaintiff Singh that his tips would be credited towards

the payment of the minimum wage.

80.    Defendants failed to maintain a record of tips earned by Plaintiff Singh for the

deliveries he made to customers.

81.    Defendants required Plaintiff Singh, and all other delivery workers, to perform

general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery

workers.

82.    Plaintiff Singh and all other similarly situated employees, were employed

ostensibly as tipped employees by Defendants, although their actual duties included greater or

equal time spent performing non-tipped duties.

83.    Plaintiff Singh and all other delivery workers were paid at a rate that was lower

than the minimum wage by Defendants; however, under state law Defendants were not entitled

to a tip credit because Plaintiff Singh's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

84.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

85.    Plaintiff Singh's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

86.    In violation of federal and state law, as discussed above, Defendants classified Plaintiff Singh as a tipped employee and paid him at a rate that was lower than the required minimum wage, when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

87.    Defendants paid Plaintiff Singh his wages partially by check and partially in cash.

88.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

89.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Singh with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Singh's relative lack of sophistication in wage and hour laws.

90.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Singh (and similarly situated individuals) worked, and to avoid paying Plaintiff Singh properly for (1) his full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

91.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

92.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Singh and other similarly situated current and former delivery workers.

93.    Defendants failed to provide Plaintiff Singh and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

94.    Defendants failed to provide Plaintiff Singh and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer,

as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

95.     Plaintiff Singh brings his FLSA minimum and overtime wages and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on

behalf of all similarly situated persons who are or were employed by Defendants, or any of them,

on or after the date that is three years before the filing of the complaint in his case (the "FLSA

Class Period"), as employees of Enrique Silva, Rajesh Kumar, and Kapal Kumar (the "FLSA

Class").

96.     At all relevant times, Plaintiff Singh and other members of the FLSA Class who

are and/or have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage and overtime pay of one and one-half times his regular rates for work in excess

of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions

and other improper credits against Plaintiff Singh's wages for which Defendants did not qualify

under the FLSA, and willfully failing to keep records required by the FLSA.

97.     The claims of Plaintiff Singh stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

98.     Plaintiff Singh repeats and realleges all paragraphs above as though fully set forth herein.

99.     At all times relevant to this action, Defendants were Plaintiff Singh's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Singh (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

100.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102.     Defendants failed to pay Plaintiff Singh (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103.     Defendants' failure to pay Plaintiff Singh (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104.     Plaintiff Singh (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

105.     Plaintiff Singh repeats and realleges all paragraphs above as though fully set forth herein.

18

106.    At all times relevant to this action, Defendants were Plaintiff Singh's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Singh (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

107.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

108.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

109.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Singh (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

110.    Defendants' failure to pay Plaintiff Singh (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

111.    Plaintiff Singh (and the FLSA Class members) has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

112.    Plaintiff Singh repeats and realleges all paragraphs above as though fully set forth herein.

113.    At all times relevant to this action, Defendants were Plaintiff Singh's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and

fire Plaintiff Singh (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

114.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Singh (and the FLSA Class members) less than the minimum wage.

115.    Defendants' failure to pay Plaintiff Singh (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

116.    Plaintiff Singh (and the FLSA Class Members) was damaged in an amount to be determined at trial.

<u>FOURTH CAUSE OF ACTION</u>
**VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS**

117.    Plaintiff Singh repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Singh (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

119.    Defendants failed to pay Plaintiff Singh (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

120.    Defendants' failure to pay Plaintiff Singh (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

20

121.    Plaintiff Singh (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

122.    Plaintiff Singh repeats and realleges all paragraphs above as though fully set forth herein.

123.    Defendants failed to pay Plaintiff Singh one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Singh's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

124.    Defendants' failure to pay Plaintiff Singh an additional hour's pay for each day Plaintiff Singh's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

125.    Plaintiff Singh was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

126.    Plaintiff Singh repeats and realleges all paragraphs above as though set forth fully herein.

127.    Defendants required Plaintiff Singh to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

21

128.    Plaintiff Singh was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

129.    Plaintiff Singh repeats and realleges all paragraphs above as though fully set forth herein.

130.    Defendants failed to provide Plaintiff Singh with a written notice, in English and in Spanish (Plaintiff Singh's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

131.    Defendants are liable to Plaintiff Singh in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

132.    Plaintiff Singh repeats and realleges all paragraphs above as though set forth fully herein.

133.    Defendants did not provide Plaintiff Singh with a statement of wages with each payment of wages, as required by NYLL 195(3).

134.    Defendants are liable to Plaintiff Singh in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Singh respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Singh and the FLSA class members

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Singh and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Singh's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Singh  and the FLSA class members;

(f)    Awarding Plaintiff Singh and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Singh and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Singh and the members of the FLSA Class

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Singh and the members of the FLSA Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Singh and the members of the FLSA Class;

(k)      Declaring that Defendants violated the unauthorized deduction provisions of the NYLL as to Plaintiff Singh and the members of the FLSA Class;

(l)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Singh and the members of the FLSA Class;

(m)      Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Singh's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(n)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Singh and the FLSA Class members;

(o)      Awarding Plaintiff Singh and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(p)      Awarding Plaintiff Singh damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)      Awarding Plaintiff Singh and the FLSA class members damages for Defendants'

24

failure to pay Plaintiff in a timely fashion, as required by NYLL § 191;

(r)    Awarding Plaintiff Singh and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(s)    Declaring that Defendants' violations of the NYLL was willful as to Plaintiff Singh and the FLSA class members;

(t)    Awarding Plaintiff Singh and the FLSA class members pre-judgment and post-judgment interest as applicable;

(u)    Awarding Plaintiff Singh and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(v)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(w)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 23, 2016

                              MICHAEL FAILLACE & ASSOCIATES, P.C.


                                   /s/ Michael Faillace
                              By:  Michael A. Faillace
                                   60 East 42nd Street, Suite 2540

25

New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com


February 9, 2016

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          <u>Balkar Singh</u>


Legal Representative / Abogado:        <u>Michael Faillace & Associates, P.C.</u>


Signature / Firma:                     _____


Date / Fecha:                          <u>    09 de febrero de 2016    </u>