# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 2020 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

sclark@faillacelaw.com

March 28, 2016

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    Singh, et al. v. Checkers Drive-In Restaurant Inc., et al.,
                  16 cv 1383 (PGG)

Your Honor,

      This firm represents the Plaintiff Balkar Singh ("Plaintiff") in the above-referenced matter. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A. In light of the parties' settlement, the parties request all other deadlines in this matter be adjourned *sine die*.

      Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

      The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

## I. Statement of the Case

By way of background, Plaintiff's Complaint alleged that Plaintiff was employed as a delivery worker by the Defendants, who operate a fast food restaurant located at 225 1st Avenue, New York, New York 10003. As is reflected in Plaintiff's calculation of potential damages, annexed hereto as Exhibit B, Plaintiff alleges he worked a typical schedule of 61.5 hours per week between April 2015 and January 2016, however he was paid at an improper hourly rate with a mix of cash and check.

In light of foregoing, Plaintiff brought this action to recover overtime wages, spread of hours pay, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.*, the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.*, and the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6 (herein the Spread of Hours Wage Order).

Defendants denied the allegations.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $15,000.00 to settle all claims. Of this amount, $4,950.00 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiff. As is reflected in Exhibit B, Plaintiff's recovery exceeds the $8,341.44 of unpaid wages owed him.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that they were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the alleged hours worked by the Plaintiff and his role at the business. In addition, to the extent this matter implicated claims against Franchisor Defendants, the matter involved intricate fact-based claims that would be expensive to litigate to the point of summary judgment. In light of a proposed settlement that recovered more than Plaintiff's estimated unpaid wages, Plaintiff determined that early settlement would be in all parties' best interests.

The Defendants also had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full. Even if Plaintiff were to obtain a judgment for the full amount of his claimed damages, it is not clear that he

would have been able to collect the full amount, and any partial collection would have been time-consuming. The proposed settlement represents a reasonable compromise between the strength of Plaintiffs' claims and Defendants' financial situation.

Considering the risks in this case outlined above, discussed *supra*, Plaintiffs believe that this settlement is an excellent result for the Plaintiffs, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III.   Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $4,950.00 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreements.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

> a.  Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

b.  Shawn Clark is a litigation associate at Michael Faillace & Associates. A fifth-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He was selected as Super Lawyers Rising Star for 2015.

March 28, 2016
Page 5

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                     Respectfully submitted,

                                     <u>/s/Shawn R. Clark</u>
                                     Shawn R. Clark
                                     MICHAEL FAILLACE & ASSOCIATES, P.C.
                                     Attorneys for the Plaintiffs

Enclosure